```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JERRY LYNCH,

                    Plaintiff,

         - against -
                                          01 Civ. 3651 (DAB)
                                                ORDER
TREK BICYCLE CORP.,
                    Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On December 17, 2008, the Court held a <u>Daubert</u> Hearing in the above-captioned matter, and later that day issued a written opinion disqualifying Plaintiff's proffered expert John Weir and granting Defendant Judgment as a Matter of Law. On December 26, 2008, Plaintiff moved this court to reconsider the December 17, 2009 rulings. Defendant filed its opposition on January 12, 2009. For the reasons stated herein the Plaintiff's motion to reconsider is DENIED.

## I. DISCUSSION

A. Motions to Reconsider

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSC Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."). In addition, "The standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." Word v. Croce, No. 00 Civ. 6496, 2001 WL 755394, at * 2 (S.D.N.Y. July 5, 2001).

Furthermore, a motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Thus Local Rule 6.3 should be "narrowly construed and strictly applied" to avoid repetitive arguments already submitted to the Court. National Congress for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (citation omitted). Moreover, the parties "may not address facts, issues or arguments not previously presented to the Court," U.S. Titan v. Guangzhou

2

Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (citations omitted), because a motion to reconsider should never act "as a substitute for appealing from a final judgment." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (citation omitted).

B. Disqualification of Plaintiff's Expert

Plaintiff alleges a manufacturing defect caused his bike fork to fail resulting in injuries to himself. The defect alleged by Plaintiff, and conceded by the Defendant, is a wrinkle in the composite material making up the left blade of the bicycle fork. (Dec. 17, 2009, Tr. 4:22-23.) On December 17, 2009, the Court held that Weir certainly lacked expertise as to causation - the impact that a wrinkle in the composite would have had on the bicycles performance, in particular, on the right bike fork, which also failed. At the Daubert Hearing, Weir affirmatively stated that he cannot testify as an expert as to the impact a wrinkle in the composite would have on the overall performance of the bicycle. (E.g. Daubert Hr. Tr. 56:20; 36:11-19). Weir was asked repeatedly whether he could give expert testimony on the issue of overload of the right blade, or (even more generally) how a left blade defect could cause the total failure of the fork. Further, Weir repeatedly declined to offer any

quantitative or scientifically-based opinion on the issue of overload.  Weir's entire testimony regarding the cause of the total failure of the bike (not merely the left fork) was admittedly "conjecture" and he repeatedly admitted that he "did not analyze" for the effect a left tube failure would have on the overall structure of the bicycle.  (Id. at 56:20)  Plaintiff's counsel admitted that "[t]here was zero analysis of how far the bike can turn and at what point the right fork broke."  (Daubert Hr. Tr. 54:5-7).  The Court found that "[b]ecause Mr. Weir repeatedly refused to state with an expert's certainty a scientifically-based description of how the wrinkle in the composite caused the left blade to fail thereby causing the right blade failure, there remains no evidence in the record to support the causation elements of a products liability cause of action."  (Dec. 17, 2009 Order.)

Plaintiff's counsel asks this Court to reconsider its rulings based on the case of Derienzo v. Trek Bicycle Corp., cited in the Court's December 17, 2008 Memorandum and Order.  376 F.Supp.2d 537, 560-561 (S.D.N.Y. 2005).  However, that case is inapposite as the expert qualified in that matter performed numerous scientifically-verifiable tests on the subject bike, cutting it open, polishing it, examining it "in the unetched state and then etched in modified Poulton's reagent prior to

photography", leading the Court to conclude that the expert offered "a scientific opinion that may help the trier of fact determine an ultimate issue in the case: namely, what caused the Bike's frame to fail." Derienzo, 376 F.Supp.2d at 556. That is precisely the type of testimony lacking in this case.

Because the Plaintiff has failed to point to any controlling decisions or data overlooked by the Court in its determination to disqualify Weir, Plaintiff's Motion to Reconsider is DENIED.

### C. Judgment for Defendant

Plaintiff further argues that "Plaintiff can prove his case without expert testimony, simply by testifying that he was riding normally, on a typical road surface, when his front fork snapped." (Pl. Mot. Recon. at 8.) Therefore, the Plaintiff argues "this case is viable" even if a motion for summary judgment is made by Defendants. Indeed, it is true that the Court sua sponte granted judgment for the Defendants after concluding that without the expert witness testimony Plaintiff had not adduced enough evidence as to causation from which a reasonable juror could find for him on that issue. Nothing in Plaintiff's motion undermines that conclusion.

## II. CONCLUSION

The Clerk of the Court is HEREBY directed to terminate all pending motions and CLOSE THE DOCKET in this case.

SO ORDERED.

DATED:    New York, New York

August 11, 2009

Deborah A. Batts

United States District Judge